**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Murray Hooper,<br><br>            Petitioner,<br><br>vs.<br><br>Dora B. Schriro et al.,<br><br>            Respondents. | No. CV 98-2164-PHX-SMM<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

Pending before the Court is Petitioner's motion for reconsideration, asking that the Court reconsider its March 28, 2006 Order, which denied Petitioner's motion for discovery and evidentiary hearing.   (Dkt. 99.)

## LEGAL STANDARD-MOTION TO RECONSIDER

A district court's reconsideration of an Order is appropriate under three circumstances: (1) if the Court is presented with newly discovered evidence; (2) if the Court committed clear error or its initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law.  See School Dist. No. 1J v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

## DISCUSSION

Petitioner argues that the Court committed clear error in its March 28 Order in concluding that Claims 2 and 9 were procedurally barred.

1      Claim 2

2      The Court concluded that Claim 2 was procedurally barred due to Petitioner's failure

3 to fairly present the claim to the state courts. Petitioner does not dispute the conclusion that

4 he failed to present this claim to the state courts. (Dkt. 99 at 1-2.) Rather, he continues his

5 argument that vicarious exhaustion, through his co-defendant, may substitute for his

6 obligation to fairly present claims in state court. (Id.) A motion for reconsideration is not

7 the time to ask the Court to rethink what it has already thought through. See United States

8 v. Rezzonico, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (citing Above the Belt, Inc. v. Mel

9 Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). As this Court stated in its

10 Order, fair presentation requires petitioners to personally submit their claims to the state

11 courts in a procedurally appropriate manner. See Williams v. Nelson, 431 F.2d 932, 932-33

12 (9th Cir. 1970) (rejecting vicarious exhaustion contention). In order to exhaust state

13 remedies, a federal habeas petitioner must present each claim to the state's highest court in

14 a procedurally appropriate manner. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526

15 U.S. 838, 839-40 (1999).

16      Petitioner further argues that Claim 2 is exhausted because the Arizona Supreme

17 Court resolved the claim in Petitioner's co-defendant's direct appeal and indicated in

18 Petitioner's direct appeal that the court considered issues that Petitioner had not personally

19 presented. (Dkt. 99 at 2-4.) Petitioner misconstrues the Arizona Supreme Court's opinion,

20 which stated only that to the extent Petitioner raised the same issues as his co-defendant the

21 court need not discuss them further because they did not warrant reversal. See State v.

22 Hooper, 145 Ariz. 538, 543, 703 P.2d 482, 487 (1985). Petitioner did not fairly present

23 Claim 2 to the state courts; reconsideration is denied.

24      Claim 9

25      In the initial briefing, Petitioner contended that he exhausted Claim 9 in his first post-

26 conviction relief ("PCR") proceeding. (Dkt. 31 at 42-43.) The Court concluded that

27 Petitioner did not fairly present Claim 9 to the state courts in his first PCR proceeding

28 because he did not preserve the claim in a motion for rehearing following denial of post-

conviction relief. (Dkt. 96 at 14-15.) Relying on the record from his second PCR, Petitioner argues that the Court erred in concluding that he did not fairly present the claim. (Dkt. 99 at 5.) A motion for reconsideration does not provide Petitioner with an avenue to raise new arguments that should have raised during briefing on the procedural status of his claims. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988); see also Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001) (holding district court did not abuse its discretion by disregarding legal arguments and facts previously available but raised for the first time under Rule 59(e)). Consequently, the Court will deny reconsideration based on Petitioner's new argument regarding the exhaustion of Claim 9 during his second PCR proceeding. Additionally, a review of the record confirms that Petitioner did not preserve Claim 9 in a motion for rehearing in his first or second PCR proceeding and, thus, did not fairly present the claim to the Arizona Supreme Court.[1] (See ROA 1597; ROA 1723 at 1-2.)

Next, Petitioner argues that the motion for rehearing requirement is not an adequate procedural rule to bar habeas review of Claim 9. Petitioner misconstrues the Court's ruling. Petitioner's failure to preserve Claim 9 in a motion for rehearing did not impose a state procedural bar; rather, it constituted a failure to fairly present the claim to the Arizona Supreme Court. The Court determined that if Petitioner returned to state court now Claim 9 would be found precluded pursuant to Rules 32.2(a)(3) and 32.4(a). Because Petitioner no longer has an available state court remedy, Claim 9 is technically exhausted but procedurally defaulted. (See Dkt. 96 at 15.) It is the procedural bar of Rules 32.2(a)(3) and 32.4(a) that gives rise to technical exhaustion and provide an independent and adequate state law ground for the default. See Ortiz, 149 F.3d at 931 (stating that the district court simply determined under the current procedural rule that petitioner would be precluded from filing a successive PCR petition and having it heard on the merits); see also Gray v. Netherland, 518 U.S. 152,

---

[1]      "ROA" refers to twenty-five volumes of records from trial and post-conviction proceedings, which was prepared for Petitioner's petition for review to the Arizona Supreme Court upon denial of his 3rd PCR petition (Case No. CR-97-0410-PC).

162 (1996) (stating that the state procedural bar that gives rise to technical exhaustion provides an independent and adequate state-law ground for procedural default).

Finally, Petitioner contends that lack of exhaustion is an affirmative defense that must be raised by Respondents.  (Dkt. 99 at 5-6.)  Under the AEDPA, the State shall not be deemed to have waived the exhaustion requirement . . . unless the State . . . expressly waives the requirement.  28 U.S.C. § 2254(b)(3).  It is not an affirmative defense that must be raised by Respondents.

Accordingly,

**IT IS HEREBY ORDERED** denying Petitioner's motion for reconsideration.  (Dkt. 99.)

DATED this 30th day of May, 2006.

Stephen M. McNamee
United States District Judge