1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Murray Hooper,                    )    No. CV 98-2164-PHX-SMM
                                        )
10              Petitioner,             )    <u>DEATH PENALTY CASE</u>
                                        )
11   vs.                                )
                                        )    **ORDER**
12                                      )
     Dora B. Schriro et al.,            )
13                                      )
                Respondents.            )
14                                      )
                                        )
15   _____   )

16          Petitioner moves for leave to amend his habeas petition to add Claim 16, which he

17   advises has been exhausted through the state courts pursuant to this Court's stay of

18   proceedings. (*See* Dkt. 102, 32.) Petitioner further requests that the Court establish a merits

19   briefing schedule for Claim 16.  (Dkt. 102.)  Respondents have neglected to respond to

20   Petitioner's motion.  At this juncture, it is unclear whether Claim 16 should be re-added to

21   the amended petition because amendment may be futile.  Therefore, and because the instant

22   motion fails to address the standard for amendment, the  motion is denied without prejudice

23   to refile.

24                              **DISCUSSION**

25          Petitioner, William Bracy and Edward McCall were convicted in Arizona state court

26   of the Redmond/Phelps homicides.  *State v. Hooper*, 145 Ariz. 538, 703 P.2d 482 (1985);

27   *State v. Bracy*, 145 Ariz. 520, 703 P.2d 464 (1985); *State v. McCall*, 139 Ariz. 147, 677 P.2d

28   920 (1983).  Petitioner and Bracy were tried together and both were sentenced to death in

February 1982.   At sentencing, the state court found the existence of Arizona's (F)(1) aggravating factor – that the defendant had been convicted of an offense for which a sentence of life imprisonment or death was imposable, A.R.S. § 13-703(F)(1) – based on Petitioner's 1981 triple-homicide conviction in Illinois.   *See Hooper*, 145 Ariz. at 550, 703 P.2d at 494.

In Claim 16, Petitioner alleged that his Arizona death sentence is unconstitutional because it rests, in part, on an invalid murder conviction in Illinois.   Petitioner sought, and this Court granted, leave to return to the Arizona state courts to assert newly-discovered evidence concerning the validity of his Illinois murder conviction; specifically, that his trial judge, Cook County Circuit Court Judge Thomas Maloney, was subsequently convicted for taking bribes regarding criminal cases ("the Maloney Claim").[1]  (Dkt. 29 at 9, Dkt. 31 at 59.) Upon initial review of Petitioner's amended petition, the Court determined that Claim 16 was unexhausted because it appeared Petitioner had a remedy in state court to pursue the claim. (Dkt. 32.)  This rendered Petitioner's habeas petition mixed pursuant to *Rose v. Lundy*, 455 U.S. 509, 510 (1982).[2]  Petitioner withdrew Claim 16 (dkt. 34), and this Court stayed his habeas petition pending the outcome of state post-conviction proceedings (dkt. 32).

Subsequently, Petitioner initiated Arizona post-conviction relief ("PCR") proceedings on his Maloney Claim.   The Arizona PCR court stayed those proceedings while Petitioner sought post-conviction relief in Illinois.  (Dkt. 102.)  Although the Illinois proceedings are still ongoing, at some point the Arizona PCR court lifted the stay and denied relief.  (*Id.*)  The instant motion does not include a copy of the Arizona PCR court's disposition of Claim 16.

---

[1]      Judge Maloney was convicted of racketeering based on evidence that he accepted bribes from criminal defendants, including murder defendants, around the time Petitioner's case was tried.  *See United States v. Maloney*, 71 F.3d 645 (7th Cir. 1995); *see also Bracy v. Gramley*, 520 U.S. 899 (1997).

[2]      Subsequent to this Court's Order, in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Supreme Court modified a district court's ability to stay a mixed habeas petition when litigating under the AEDPA.  The Court held that a district court has discretion to stay a mixed habeas petition and allow a petitioner to exhaust state court remedies so long as there is a determination of good cause for the failure to first exhaust state court remedies and that the unexhausted claims are not plainly meritless.

1    Nor does the motion address the applicable standard for amendment.

2        A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil

3    Procedure.  28 U.S.C. § 2242; *see also* Rule 11, Rules Governing § 2254 Cases, 28 U.S.C.

4    foll. § 2254 (providing that the Federal Rules of Civil Procedure may be applied to habeas

5    petitions to the extent the rules are not inconsistent with the habeas rules).  Thus, the Court

6    looks to Rule 15 of the Federal Rules of Civil Procedure to address a party's motion to

7    amend a pleading in a habeas corpus action.  *See Calderon v. United States Dist. Ct. for the*

8    *N. Dist. of Cal.*, 134 F.3d 981, 986 n.6 (9th Cir. 1998) (citing *Withrow v. Williams*, 507 U.S.

9    680, 696 n.7 (1993)).  Under Rule 15, leave to amend "shall be freely given when justice so

10   requires," Fed. R. Civ. P. 15(a), and courts must review motions to amend "in light of the

11   strong policy permitting amendment."  *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d

12   762, 765 (9th Cir. 1986).

13       The factors which may justify denying a motion to amend are undue delay, bad faith

14   or dilatory motive, futility of amendment, and undue prejudice to the opposing party.  *Foman*

15   *v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend may be denied based upon futility

16   alone.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  To assess futility, a court

17   necessarily evaluates whether relief may be available on the merits of proposed claims.  *See*

18   *Caswell v. Calderon*, 363 F.3d 832, 837-39 (9th Cir. 2004) (conducting a two-part futility

19   analysis reviewing both exhaustion of state court remedies and the merits of the proposed

20   claim); *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994) (reviewing the evidence

21   presented at trial and determining it would be futile to allow the addition of a sufficiency of

22   the evidence claim).

23       Under *Caswell*, this Court may not grant leave to Petitioner to add Claim 16 if it is

24   plainly meritless.  Unfortunately, the instant motion fails to address the standard for

25   amendment, and it is unclear whether amendment is appropriate.[3]  Consequently, if Petitioner

26   _____

27       [3]      As previously ordered, once Petitioner completed exhaustion of Claim 16, he
     may, if appropriate, "move this Court for leave to amend his petition."  (Dkt. 55 at 3.)
28   However, before this Court may grant leave to amend, the standard for amendment must be

1   desires to add Claim 16 to his amended petition, he must refile his motion and address these

2   standards for seeking leave to amend his amended petition.

3          Accordingly,

4          **IT IS HEREBY ORDERED** denying, without prejudice to refile, Petitioner's motion

5   for leave to amend his habeas petition to add Claim 16 and denying Petitioner's request for

6   a briefing schedule regarding this Claim.  (Dkt. 102.)

7          DATED this 4th day of December, 2006.

8

9

10                                    Stephen M. McNamee
                                      United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28   satisfied.