**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Murray Hooper, ) | No. CV 98-2164-PHX-SMM |
| ) | |
| Petitioner, ) | <u>DEATH PENALTY CASE</u> |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| Dora B. Schriro et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| _____ ) | |

Pending before the Court is Petitioner's renewed motion for leave to add Claim 16 to his amended petition. (Dkt. 106.) In Claim 16, Petitioner alleges that his death sentence violates the Eighth Amendment because Arizona relied upon invalid Illinois convictions in support of two statutory aggravating circumstances. Respondents oppose the motion, maintaining that it is futile to add Claim 16 to the amended petition. (Dkt. 111.) The Court agrees and will deny the motion.

**<u>STANDARD FOR AMENDMENT</u>**

A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil Procedure. 28 U.S.C. § 2242; *see also* Rule 11, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (providing that the Federal Rules of Civil Procedure may be applied to habeas petitions to the extent the rules are not inconsistent with the habeas rules). Thus, the Court looks to Rule 15 of the Federal Rules of Civil Procedure to address a party's motion to amend a pleading in a habeas corpus action. *See Calderon v. United States Dist. Ct. for the*

*N. Dist. of Cal.*, 134 F.3d 981, 986 n.6 (9th Cir. 1998) (citing *Withrow v. Williams*, 507 U.S. 680, 696 n.7 (1993)). Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires," and courts must review motions to amend "in light of the strong policy permitting amendment." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986).

The factors which may justify denying a motion to amend are undue delay, bad faith or dilatory motive, futility of amendment, and undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend may be denied based upon futility alone. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). To assess futility, a court necessarily evaluates whether relief may be available on the merits of proposed claims. *See Caswell v. Calderon*, 363 F.3d 832, 837-39 (9th Cir. 2004) (conducting a two-part futility analysis reviewing both exhaustion of state court remedies and the merits of the proposed claim); *see also Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994) (reviewing the evidence presented at trial and determining it would be futile to allow the addition of a sufficiency of the evidence claim).

## PROCEDURAL HISTORY

Petitioner, William Bracy (deceased) and Edward McCall (deceased) were convicted in Arizona state court of the Redmond/Phelps homicides. *State v. Hooper*, 145 Ariz. 538, 703 P.2d 482 (1985). At sentencing, the trial court determined Petitioner had been convicted of a triple homicide, armed robbery and aggravated kidnapping, and sentenced to death in Illinois in September 1981, and that such convictions established two statutory aggravating circumstances, A.R.S. § 13-703(F)(1) and (F)(2).[1] *See Hooper*, 145 Ariz. at 550, 703 P.2d at 494. In addition, the trial court found three more statutory aggravating circumstances, §

---

[1] A.R.S. § 13-703(F)(1) and (F)(2) (1980), provides as follows:
F. Aggravating circumstances to be considered shall be the following:
1. The defendant has been convicted of another offense in the United States for which under Arizona law a sentence of life imprisonment or death was imposable. 2. The defendant was previously convicted of a felony in the United States involving the use or threat of violence on another person.

13-703(F)(3), (F) (5) and (F)(6).[2] *Hooper*, 145 Ariz. at 550, 703 P.2d at 494. The Arizona Supreme Court concluded that one of the aggravating circumstances, § 13-703(F)(3), did not exist. *Id.*

In Claim 16 of his amended petition, Petitioner alleged that his prior convictions in Illinois would likely be overturned because the trial judge, Thomas Maloney, was subsequently convicted of taking bribes while trying cases, including murder cases, around the time of Petitioner's capital trial (Dkt. 29 at 9; Dkt. 31 at 59). *See United States v. Maloney*, 71 F.3d 645 (7th Cir. 1995). Petitioner argued that if his Illinois convictions are overturned, his Arizona sentence would violate the Eighth Amendment because the sentencing court relied upon those convictions in finding the (F)(1) and (F)(2) statutory aggravating circumstances. (Dkt. 29 at 9; Dkt. 31 at 59.)

The Court determined that Claim 16 was unexhausted. (Dkt. 32.) In response, Petitioner withdrew the claim, and this Court stayed his habeas petition while Petitioner proceeded to exhaust his Eighth Amendment claim in Arizona post-conviction relief ("PCR") proceedings. After Petitioner filed his PCR petition, the PCR court stayed its proceedings while Petitioner sought Illinois post-conviction relief. (Dkt. 106, Ex. C.) After more than five years of waiting for Petitioner to complete exhaustion, this Court vacated its stay, commenting that, if appropriate, Petitioner may move for leave to amend his habeas petition once exhaustion of the claim in state court is concluded. (Dkt. 55.)

Subsequently, but prior to the conclusion of Illinois PCR proceedings, the Arizona

---

[2] A.R.S. § 13-703(F)(3), (F)(5) and (F)(6) (1980), provides as follows: 3. In the commission of the offense the defendant knowingly created a grave risk of death to another person or persons in addition to the victim of the offense. 5. The defendant committed the offense as consideration for the receipt, or in expectation of the receipt, of anything of pecuniary value. 6. The defendant committed the offense in an especially heinous, cruel or depraved manner.

- 3 -

PCR court denied relief.[3] (Dkt. 106, Ex. C.) The PCR court determined:

> Even if the Illinois convictions are subsequently declared invalid, there remain two valid aggravators, § 13-703(F)(5) and (6), and no mitigators. Pursuant to § 13-703(E) (1982), the court was required to impose the death penalty if it found one or more aggravating circumstances and that there were no mitigating circumstances sufficiently substantial to call for leniency. . . . Because [Petitioner] cannot demonstrate that the invalidity of his Illinois convictions would probably have resulted in a sentence less than death, he has not presented a colorable claim for relief.[4]

(*Id.*) Following this ruling, the Arizona Supreme Court denied Petitioner's petition for review. (*Id.*, Ex. J.) Petitioner now seeks to add Claim 16 back into his habeas petition.

## **DISCUSSION**

Respondents contend that adding Claim 16 is futile. Citing the proposition that prior convictions are a verity until formally vacated, *see State v. Jordan*, 126 Ariz. 283, 287, 614 P.2d 825, 829 (1980), Respondents argue that because Petitioner's Illinois' convictions have not been vacated, they continue to support the statutory aggravating circumstances found at sentencing. (Dkt. 111 at 5.) On this basis, the Court agrees that Claim 16 is without merit and amendment is futile.

Petitioner requests that the Court not resolve his claim on this basis because Illinois PCR proceedings are ongoing and may still set aside his prior convictions, rendering invalid two of his Arizona statutory aggravating circumstances. (Dkt. 106 at 8.) Due to this possibility, the Court will review the PCR court's alternative ruling on this claim. The PCR court concluded that even if Petitioner's prior Illinois convictions were to be set aside, he would still receive the death penalty because the two remaining aggravating circumstances

---

[3] Currently, in Illinois, Petitioner has been denied PCR in the trial court and he has appealed that denial. (Dkt. 112 at 2; Dkt 113.)

[4] A.R.S. § 13-703(E) (1980) provides, in pertinent part:
In determining whether to impose a sentence of death or life imprisonment . . . , the court shall take into account the aggravating and mitigating circumstances included in subsections F and G of this section and shall impose a sentence of death if the court finds one or more of the aggravating circumstances enumerated in subsection F of this section and that there are no mitigating circumstances sufficiently substantial to call for leniency.

1  carry more weight than the mitigating circumstances presented at sentencing. (Dkt. 106, Ex. C.)

Petitioner contends that the alternative ruling is unconstitutional *per se* because the sentencer relied upon invalid aggravating circumstances in sentencing him to death. (Dkt. 106 at 6.) Further, the alternative ruling is unconstitutional because the PCR court believed a death sentence was required based on the remaining aggravating and mitigating circumstances. (Dkt. 106 at 8.)

### AEDPA Standard

Because this case was filed after April 24, 1996, it is governed by the AEDPA. 28 U.S.C. § 2254(b)(1). AEDPA deference applies to any claim that was adjudicated on the merits; that is, any claim not resolved on the basis of a state procedural rule or bar. *See Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004). Pursuant to the AEDPA, 28 U.S.C. § 2254(d)(1), Petitioner is not entitled to relief on any claim adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States

To assess a habeas claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law includes the holdings of the Supreme Court at the time of the challenged state court decision. *See Williams v. Taylor*, 529 U.S. 362, 365 (2000). Habeas relief cannot be granted if the Supreme Court has not "broken sufficient legal ground" on a constitutional principle advanced by a petitioner, even if lower federal courts have decided the issue. *See id.* at 381. A state court decision is "contrary to" clearly established federal law if it reaches a conclusion on a question of law that is counter to a decision of the Supreme Court or if it applied the correct authority to a case involving facts materially indistinguishable from those in a controlling Supreme Court case, but nonetheless reached a different result. *Id.* at 413; *see also Lockyer v. Andrade*, 538 U.S. 63, 73 (2003); *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004).

1  A state court decision amounts to an "unreasonable application" under § 2254(d)(1)
2 if the state court correctly identifies the governing "clearly established" legal principle from
3 the Supreme Court's decisions, but then makes an objectively unreasonable application of
4 that principle to the facts of the petitioner's case. *See Andrade*, 538 U.S. at 75.  An
5 "objectively unreasonable" application of federal law involves more than an incorrect or even
6 clearly erroneous application of federal law. *See Williams*, 529 U.S. at 410-11 ("[A] federal
7 habeas court may not issue the writ simply because that court concludes in its independent
8 judgment that the relevant state-court decision applied clearly established federal law
9 erroneously or incorrectly.  Rather, that application must also be unreasonable.")

10  In considering a challenge under either the "contrary to" or "unreasonable
11 application" prong of subsection (d)(1), state court factual determinations are presumed
12 correct pursuant to § 2254(e)(1) and can be rebutted only by clear and convincing evidence.
13 *See Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004).

14  <u>Controlling Supreme Court Authority</u>

15  Under the AEDPA, this Court must identify the clearly established law of the
16 Supreme Court at the time of the applicable state court decision. *See Nguyen v. Garcia*, 477
17 F.3d 716, 722 (9th Cir. 2007).  At the time of the PCR court's ruling on Claim 16, *Stringer*
18 *v. Black*, 503 U.S. 222 (1992), was the controlling standard.  In *Stringer*, the Court
19 distinguished "weighing states," in which the aggravating factors are weighed against the
20 mitigating circumstances to determine whether death is the appropriate sentence, from
21 "nonweighing states." *Id.* at 231.  In a weighing state, if the sentencing court weighs an
22 invalid aggravating circumstance, upon review a court cannot assume the sentence would
23 remain the same if the weight of the invalid aggravating factor is removed from "death's side
24 of the scale." *Id.* at 232.  Rather, "only constitutional harmless-error analysis or reweighing
25 at the trial or appellate level suffices to guarantee that the defendant received an
26 individualized sentence." *Id.*  In *Richmond v. Lewis*, 506 U.S. 40 (1992), a case on direct
27 review, the Supreme Court determined that Arizona was a weighing state and evaluated an
28 Arizona death sentence in which the sentencing court had weighed an invalid aggravating

1    circumstance. The Court held that such an error cannot be cured unless the trial or appellate
2    court decides that the valid aggravating factors are weightier than the mitigating factors. *Id.*
3    at 48-49 (citing *Stringer*, 503 U.S. at 232).

4    <u>Application of Controlling Authority</u>

5    In the PCR court's alternative ruling, the court reweighed the aggravation against the
6    mitigation. (Dkt. 106, Ex. C.) Regarding mitigation, the PCR court reviewed the mitigation
7    record presented at sentencing and discussed by the Arizona Supreme Court, "At the
8    sentencing hearing, defendant's counsel argued as a mitigating circumstance that the death
9    penalty was immoral. Defendant's opposition to the death penalty, however, is not a
10   mitigating circumstance sufficiently substantial to outweigh the aggravating circumstances.
11   Reviewing the record, we find no other mitigating circumstances." (*Id.*, citing *Hooper*, 145
12   Ariz. at 551, 703 P.2d at 495.) The court then reweighed the remaining aggravating
13   circumstances against the presented mitigation, "The fact that there are only two aggravators
14   rather than five does not affect the resulting death sentence in this case. Because the
15   defendant cannot demonstrate that the invalidity of his Illinois convictions would probably
16   have resulted in a sentence less than death, he has not presented a colorable claim for relief."
17   (Dkt. 106, Ex. C.) Based on this record, the PCR court complied with *Stringer*; it reweighed
18   and concluded that the remaining aggravating evidence was weightier than the mitigation
19   presented at sentencing. Therefore, the death sentence was upheld and PCR relief denied.
20   Under the AEDPA, the state court's reweighing and conclusion denying relief was not
21   contrary to or an unreasonable application of *Stringer*.

22   <u>Petitioner's Arguments</u>

23   Petitioner's request for amendment and opposition to a finding of futility relies on
24   other caselaw discussed below. Based upon *Brown v. Sanders*, 546 U.S. 212, 126 S. Ct. 884
25   (2006), Petitioner argues that his death sentence violates the Eighth Amendment because two
26   statutory aggravating circumstances rely upon invalid convictions and that the sentencer
27   weighed those invalid circumstances. (Dkt. 106 at 8.)

28   Petitioner's *Brown* argument is rejected. First, at the time of the relevant state court

1  decision in 2005, *Brown v. Sanders* had not been decided and cannot constitute clearly
2  established federal law under the AEDPA. *See Williams*, 529 U.S. at 365.

3        Second, even if *Brown* were applicable to the state court decision, *Brown* only
4  concerns the threshold issue of whether the invalidity of an aggravating circumstance renders
5  a death sentence unconstitutional. The *Brown* Court set forth the following guideline, "An
6  invalidated sentencing factor (whether an eligibility factor or not) will render the sentence
7  unconstitutional by reason of its adding an improper element to the aggravation scale in the
8  weighing process unless one of the other sentencing factors enables the sentencer to give
9  aggravating weight to the same facts and circumstances." 126 S. Ct. at 892. The Court
10 further indicated the analysis that must be undertaken for an unconstitutional sentence,
11 stating, "In a weighing State [such as Arizona], therefore, the sentencer's consideration of
12 an invalid [aggravating circumstance] necessarily skewed its balancing of aggravators with
13 mitigators, and required reversal of the sentence (unless a state appellate court determined
14 the error was harmless or reweighed the mitigating evidence against the valid aggravating
15 factors)." 126 S. Ct. at 890 (further citation omitted). As supported by the *Brown* Court, in
16 response to an unconstitutional sentence, state courts have the opportunity to reweigh the
17 aggravating and mitigating evidence. *See id.* (expressing that harmless error analysis or
18 reweighing may be accomplished by either the state trial or appellate court).

19       The state court followed *Brown* by removing the invalid statutory aggravators from
20 the sentencing calculus and then reweighing the remaining valid aggravating factors against
21 the mitigation evidence. After reweighing, the court upheld the death sentence. Thus,
22 Petitioner's *Brown* argument must be rejected.

23       Next, Petitioner maintains that the state court automatically affirmed his death
24 sentence without reweighing the evidence, believing it was required to return a death
25 sentence if there remained valid aggravating circumstances and there was a lack of mitigation
26 presented at sentencing. (Dkt. 106 at 8.) Petitioner argues that such automatic affirmance
27 is unconstitutional because Arizona is a weighing state. (*Id.*)

28       Petitioner relies upon *Clemons v. Mississippi*, 494 U.S. 738 (1990) and *Johnson v.*

- 8 -

1  *Mississippi*, 486 U.S. 578 (1988), in which the Supreme Court held that, in a weighing state, if an appellate court invalidates an aggravating circumstance, it cannot automatically affirm a death sentence, even if there remains one or more valid aggravating circumstances. *See Clemons*, 494 U.S. at 751-52; *Johnson*, 486 U.S. at 585-90. Rather, the court must reweigh the aggravation evidence against the mitigation evidence or conduct a harmless error analysis pursuant to *Chapman v. California*, 386 U.S. 18 (1967). *See Clemons*, 494 U.S. at 751-54.

As discussed above, the PCR court's alternative ruling did not automatically resentence Petitioner to death; rather, the court reviewed Petitioner's sentencing proceeding. The PCR court considered the sparse mitigation record and determined that when it weighed the remaining two aggravating circumstances against the mitigation, the mitigation was not sufficiently substantial to warrant leniency. (Dkt. 106, Ex. C.)

Based on this record, Petitioner's *Clemons* argument must be rejected. The PCR court's upholding of the death sentence was not automatic because it believed that death was the "required" sentence but because it weighed the remaining aggravation evidence against the mitigation evidence and determined that the mitigation was not sufficiently substantial to warrant leniency. (*Id.*)

Based on the foregoing,

**IT IS HEREBY ORDERED** denying Petitioner's renewed motion for leave to amend his habeas petition to include exhausted Claim 16. (Dkt. 106.)

DATED this 21st day of June, 2007.

_____
Stephen M. McNamee
United States District Judge

- 9 -